

# Fourth Court of Appeals
## San Antonio, Texas

### CONCURRING OPINION

No. 04-23-00677-CR

Mark P. **HOWERTON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CR-2399
Honorable Michael E. Mery, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice
Concurring Opinion by: Velia J. Meza, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Lori Massey Brissette, Justice
                Velia J. Meza, Justice

Delivered and Filed: July 23, 2025

While I join the majority, I write separately to express concerns about the jury charge. Having presided over complex criminal trials as a former district court judge, I understand the challenges trial courts face in navigating the lesser-included offense framework under significant time constraints. Judges must determine whether the evidence and law support a lesser charge and the State's charging instrument determines the law applicable to the case. *In re State ex rel. Weeks*, 391 S.W.3d 117, 123 (Tex. Crim. App. 2013). When an indictment and proposed lesser

offenses do not align, judges must ensure that jury instructions remain accurate and lawful. This case illustrates these difficulties. The indictment charged Howerton with a single count of murder, alleging four theories. Two theories were murder as defined by sections 19.02(b)(1) and (b)(2) of the Texas Penal Code, whereas the other two theories were felony murder as defined by section 19.02(b)(3) of the Penal Code. The jury was asked to return a general verdict as this charge. *See Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005) (jury unanimity requirement applies to each separate criminal act). Upon finding Howerton not guilty of murder, the jury was instructed to proceed to lesser-included offenses: first aggravated assault (requested by the State) and then criminally negligent homicide (requested by Howerton).

At oral argument, the State conceded that aggravated assault was not actually a lesser-included offense of the felony murder theories related to sexual assault and kidnapping. This position is supported by *Hall v. State*, 225 S.W.3d 524, 532–37 (Tex. Crim. App. 2007), which applied the cognate pleadings test to a felony murder charge, concluding that aggravated assault did not qualify as a lesser-included offense.

When the indictment and the proposed lesser offenses are misaligned, judges face a difficult task in ensuring that juries receive instructions that are both accurate and lawful. Because the jury returned a general verdict of not guilty on the murder charge, we need not resolve this issue here. *See* TEX. R. APP. P. 47.1 (opinions should be as brief as practicable).

Velia J. Meza, Justice

DO NOT PUBLISH

- 2 -